Beacom, J.
Plaintiffs bring this action, under authority of Section 1277 and 1278, Revised Statutes, to recover from defendant moneys alleged to have been illegally paid it for bridges constructed by defendant in and for Summit county. Said payments are alleged to have been illegal because the certificate of the county auditor was not given at the time said contract was entered into as required by Section 2834h, Revised Statutes, and for other irregularities and omissions in the making of said contract. Plaintiffs seek to recover for the county the entire amount paid for the construction of said bridges. Defendant’s answer sets up three separate defenses, to the second and third of which plaintiff demurs.
The second defense alleges that said claims were presented to the county commissioners for allowance, and were by said commissioner's passed upon and allowed, and that the allowance thereof was entered upon the same by the county commissioners, and was entered of record, and was done in good faith. The court is of opinion that this states no defense; that the allowance by the commissioners is not conclusive and does not bar the right of this court to hear the same.
The third defense alleges in substance that before the payments complained of had been made the said bridges had been in good faith furnished to Summit county and erected and placed as required by the board of county commissioners of said county; that said bridges were accepted by the county and appropriated to its use and approved of by the board of county commissioners; that ever since they have been retained by said. county and have been used and enjoyed by it and by the inhabitants and tax-payers thereof as a necessary part of its public highways; that said bridges and the material thereof and the labor performed thereon by the defendants were reasonably worth the amount paid for them; and finally, *32 that the county has never tendered back the property so received by it from the defendants.
Musset' (& Kohler, Momiett & DeRan, for plaintiffs.
Kline, Tolies & Goff, for defendant.
The court is of opinion that if these averments are true, and on demurrer they are taken to- be time, then the third defense is a valid defense. That the plaintiffs should receive these bridges under such circumstances as alleged in this third defense and should be permitted both to retain the bridges and to recover back the money paid for them can not be law anywhere. Such a claim is revolting to the sense of justice of every one. This was so held by both the common pleas and the circuit courts of Sandusky county in the case of State v. Fronizer et al, the circuit court opinion being reported in 8 C. C.—N. S., 216, and that of the common pleas court in 3 N. P.—N. S., 303.
Plaintiffs claim that in Printing Co. v. State, 68 O. S., 362, the Supreme Court has held otherwise. This court does not think so. In that case public officers, authorized to advertise certain public matters a certain number of times, advertised many'times in excess of the number authorized by law. The-court held that this was unwarranted and that the money paid out therefor could be recovered. It seems manifest that that is not the case upon which the courts of Sandusky county passed, neither is- it'the case that is presented herein. In the printing company case the county commissioners had made payment for that which was wholly outside of their powers to do in any way, however regular their proceedings might be. In this present case all that is claimed is that the commissioners of Summit county, in doing1 that which they had full power to do, and were required to do, to-wit, to keep these highways in repair, did not proceed with strict regularity. The distinction between the two things seems clear and manifest.
Demurrer to the second defense sustained; demurrer to the third defense overruled. Both parties except.